UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANASTACIA SYMONE,

Plaintiff,

- against –

THE CITY OF NEW YORK; NYPD CAPTAIN KEVIN T. RUSSELL; NYPD INSPECTOR ELIAS J. NIKAS; NYPD OFFICER ARMIN SABOVIC; NYPD OFFICER BRIAN P. SWEENEY; NYPD SERGEANT BRIAN RAGHOENATHSINGH; NYPD DETECTIVE MICHAEL J. LOMBARDI; NYPD OFFICER DENNIS PENG; NYPD OFFICER ERIC. J. RODRIGUEZ; NYPD OFFICER HOWARD J. THORNTON; AND NYPD MEMBERS JOHN AND JANE DOE 1-10,

Defendants.
------------------------------------------------------------------------X

**DEFENDANTS' ANSWER TO THE COMPLAINT**

No. 26 Civ. 04381

**<u>JURY TRIAL DEMANDED</u>**

Defendants City of New York, former New York City Police Department ("NYPD") Captain Kevin T. Russel, former NYPD Inspector Elias J. Nikas, NYPD Officer Armin Sabovic, NYPD Officer Brian P. Sweeney, NYPD Sergeant Brian Raghoenathsingh, NYPD Detective Michael J. Lombardi, NYPD Officer Dennis Peng; NYPD Officer Eric. J. Rodriguez and NYPD Officer Howard J. Thornton (collectively, "Defendants"), by their attorney Steven Banks, Corporation Counsel of the City of New York, for their Answer to the Complaint filed May 26, 2026, respectfully allege, upon information and belief, as follows:

**<u>AS TO "PARTIES"</u>**

1. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Complaint.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City of New York is a corporation duly existing and incorporated under the laws of the State

of New York, and that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between defendant City and NYPD.

3. Deny the allegations set forth in paragraph "3" of the Complaint and all its discrete subparts, except admit that on May 25, 2023, Captain Kevin Russel, former Inspector Nikas, Officer Sabovic, former Officer Sweeney, and Sergeant Brian Raghoenathsingh were employed by the NYPD.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint as they pertain to any "John Doe" individuals and deny the remaining allegations, and all its discrete subparts, except admit that on or about August 27, 2023 Officer Peng and former Detective Lombardi were employed by the NYPD.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint as they pertain to any "John Doe" individuals and deny the remaining allegations, except admit that on or about January 26, 2024, Officer Rodriguez was employed by the NYPD.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint as they pertain to any "John Doe" individuals and deny the remaining allegations, except admit that on or about February 22, 2024, Officer Thornton was employed by the NYPD.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

11. Deny the allegations set forth in paragraph "11" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

**AS TO "JURISDICTION AND VENUE"**

16. Deny the allegations paragraph "16" of the Complaint, except admit Plaintiff purports to proceed as stated therein.

17. Deny the allegations Paragraph "17" of the Complaint, except admit that Plaintiff seeks to invoke the court's original and supplemental jurisdiction as stated therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

**AS TO THE "STATEMENT OF FACTS"**

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that on May 25, 2026 former Inspector Nikas warned Plaintiff that if he flashed his camera in close proximity to any police officers' eyes in a manner that obstructed their vision, he would be placed under arrest.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Admit the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit Captain Russell grabbed onto Plaintiff to place him under arrest.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Officers Sabovic and Sweeney assisted Captain Russell in trying to apprehend Plaintiff.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit Plaintiff was placed in handcuffs and placed under arrest.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiff was eventually placed in an NYPD transport vehicle.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Admit the allegations set forth in paragraph "39" of the Complaint.

40. Admit the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge and information sufficient to form a belief as to the truth the allegations set forth in paragraph "41" of the Complaint.

42. Deny of the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit former Detective Lombardi brought Plaintiff to the ground in effecting plaintiff's arrest.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit Officer Peng signed a criminal court complaint related to charges stemming from his August 27, 2023 arrest.

54. Deny the allegations set forth in paragraph "54" of the Complaint and respectfully refer the Court to the cited criminal complaint for its full content and context.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit Plaintiff was eventually taken to Central Booking.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that plaintiff was in custody until his arraignment on August 28, 2026, and was released from custody thereafter.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in in paragraph "64" of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint insofar as they pertain to plaintiff's purported rationale for attending any protest and deny the remaining allegations.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except admit Plaintiff was taken to a local precinct for processing after his arrest.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit Plaintiff was released from custody at around 9:25 p.m. on January 24, 2024.

77. Deny the allegations set forth in paragraph "77" of the Complaint, except admit that Officer Rodriguez issued Plaintiff a desk appearance ticket ("DAT") charging him with obstruction of governmental administration and is listed as the arresting officer on the DAT.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny knowledge or information sufficient to forth a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint except admit that plaintiff was in the vicinity of 117 MacDougal Street, New York, New York 10012, at around 7:30 p.m. on February 22, 2024.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "82" of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "83" of the Complaint insofar as they pertain to plaintiff's purported rationale for attending any protest and deny the remaining allegations.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint, except admit that Plaintiff was released from custody around 10:11 p.m.

94. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Officer Thornton issued Plaintiff a desk appearance ticket ("DAT") charging him with resisting arrest and that Officer Thornton is listed as the arresting officer on the DAT.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations the allegations set forth in paragraph "108" of the Complaint, and respectfully refer the Court to the cited criminal court complaint for its full content and context.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint, except admit that plaintiff was released from custody sometime after his arrest.

112. Deny the allegations set forth in paragraph "112" of the Complaint, except admit that plaintiff pled guilty on disorderly conduct charges in connection with his March 23, 2024 arrest.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. The allegations set forth in paragraph "115" of the Complaint do not contain averments of fact to which a response is required. Defendants respectfully refer the Court to the cited reports for their full content and context.

116. The allegations set forth in paragraph "116" of the Complaint do not contain averments of fact to which is a response is required. Defendants respectfully refer the Court to the cited lawsuits their full content and context.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint and respectfully refer the Court to the article cited therein for a full recitation of its contents.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint and respectfully refer the Court to the article cited therein for a full recitation of its contents.

120. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

121. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

123. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint and respectfully refer the Court to the cited articles for their full content and context.

124. Deny the allegations set forth in paragraph "124" of the Complaint including all discrete subparts and respectfully refer the Court to the cited article for its full content and context.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

128. Deny the allegations set forth in paragraph "128" of the Complaint and respectfully refer the Court to the cited article for its full content and context.

129. Deny the allegations set forth in paragraph "129" of the Complaint and respectfully refer the Court to the cited Complaint for its full content and context.

130. Deny the allegations set forth in paragraph "130" of the Complaint and respectfully refer the Court to the cited Complaint for its full content and context.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint including all subparts therein and respectfully refer the Court to the cited lawsuits for their full content and context.

134. Deny the allegations set forth in paragraph "134" of the Complaint

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Deny the allegations set forth in paragraph "137" of the Complaint including all subparts therein and respectfully refer the Court to the Report for its full content and context.

138. Deny the allegations set forth in paragraph "138" of the Complaint except admit that the NYPD has revised its Patrol Guide provisions since October 1, 2015 and refer the Court to the cited provisions of the Patrol Guide for an accurate recitation of their contents.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. Deny the allegations set forth in paragraph "143" of the Complaint, except admit that at one time, a document entitled "Disorder Control Guidelines" did exist within NYPD.

144. Deny the allegations set forth in paragraph "144" of the Complaint.

145. Deny of the allegations set forth in paragraph "145" of the Complaint and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves.

146. Deny the allegations set forth in paragraph "146" of the Complaint and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

149. Deny the allegations set forth in paragraph "149" of the Complaint.

150. Deny the allegations set forth in paragraph "150" of the Complaint.

151. Deny the allegations set forth in paragraph "151" of the Complaint including all subparts therein.

152. Deny the allegations set forth in paragraph "152" of the Complaint, except admit the SRG is a specialized unit within the NYPD.

153. Deny the allegations set forth in paragraph "153" of the Complaint, except admit the SRG is a specialized unit within the NYPD.

154. Deny the allegations set forth in paragraph "154" of the Complaint, except admit there are SRG units throughout the City.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156. Deny the allegations set forth in paragraph "156" of the Complaint, except admit that members of SRG have been present at certain protests, demonstrations and other large gatherings.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny the allegations set forth in paragraph "158" of the Complaint.

159. Deny the allegations set forth in paragraph "159" of the Complaint.

160. Deny the allegations set forth in paragraph "160" of the Complaint .

161. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint.

162. Deny the allegations set forth in paragraph "162" of the Complaint.

163. Deny the allegations set forth in paragraph "163" of the Complaint.

164. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint and refer the Court to the cited lawsuit and article for their full content and context.

165. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint and refer the Court to the cited reports for their full content and context.

166. Deny the allegations set forth in paragraph "166" of the Complaint.

167. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168. Deny the allegations set forth in paragraph "168" of the Complaint.

169. Deny the allegations set forth in paragraph “169” of the Complaint.

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “170” of the Complaint.

171. Deny the allegations set forth in paragraph “171” of the Complaint.

172. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “172” of the Complaint.

173. Deny the allegations set forth in paragraph “173” of the Complaint and refer the Court to the cited reports for their full content and context.

174. Deny the allegations set forth in paragraph “174” of the Complaint.

175. Deny the allegations set forth in paragraph “175” of the Complaint.

176. Deny the allegations set forth in paragraph “176” of the Complaint.

177. Deny the allegations set forth in paragraph “177” of the Complaint.

## AS TO THE “FIRST CLAIM FOR RELIEF”

178. In response to the allegations set forth in paragraph “178” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

179. Deny the allegations set forth in paragraph “179” of the Complaint.

180. Deny the allegations set forth in paragraph “180” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

181. Deny the allegations set forth in paragraph “181” of the Complaint.

182. Deny the allegations set forth in paragraph “182” of the Complaint.

183. Deny the allegations set forth in paragraph “183” of the Complaint.

## AS TO THE “SECOND CLAIM FOR RELIEF”

184. In response to the allegations set forth in paragraph “184” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

185. Deny the allegations set forth in paragraph “185” of the Complaint.

186. Deny the allegations set forth in paragraph “186” of the Complaint.

187. Deny the allegations set forth in paragraph “187” of the Complaint.

**AS TO THE “THIRD CLAIM FOR RELIEF”**

188. In response to the allegations set forth in paragraph “188” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

189. Deny the allegations set forth in paragraph “189” of the Complaint.

190. Deny the allegations set forth in paragraph “190” of the Complaint, including all subparts therein.

191. Deny the allegations set forth in paragraph “191” of the Complaint.

192. Deny the allegations set forth in paragraph “192” of the Complaint.

**AS TO THE “FOURTH CLAIM FOR RELIEF”**

193. Deny the allegations set forth in paragraph “193” of the Complaint.

194. Deny the allegations set forth in paragraph “194” of the Complaint.

195. Deny the allegations set forth in paragraph “195” of the Complaint.

196. Deny the allegations set forth in paragraph “196” of the Complaint.

197. Deny the allegations set forth in paragraph “197” of the Complaint.

198. Deny the allegations set forth in paragraph “198” of the Complaint.

199. Deny the allegations set forth in paragraph “199” of the Complaint.

200. Deny the allegations set forth in paragraph "200" of the Complaint.

201. Deny the allegations set forth in paragraph "201" of the Complaint.

202. Deny the allegations set forth in paragraph "202" of the Complaint.

203. Deny the allegations set forth in paragraph "203" of the Complaint.

204. Deny the allegations set forth in paragraph "204" of the Complaint.

205. Deny the allegations set forth in paragraph "205" and refer the Court to the cited article and docket number for their full content and context.

206. Deny the allegations set forth in paragraph "206" of the Complaint.

207. Deny the allegations set forth in paragraph "207" of the Complaint except admit former Inspector Nikas was a named Defendant in the matter of Hassab El Nabi, Abdelrahman v. City of New York, 23-CV-03768 and refer the court to the docket of this matter for its full content and context.

208. Deny the allegations set forth in paragraph "208" of the Complaint except admit former Inspector Nikas has previously been sued by the plaintiff in the matter of Hallinan, et al. v. City Of New York, et al., 24-CV-01653, which settled for a total of $110,000 and refer the court to the docket of this matter for its full content and context.

209. Deny the allegations set forth in paragraph "209" of the Complaint.

210. Deny the allegations set forth in paragraph "210" of the Complaint.

**AS TO THE "FIFTH CLAIM FOR RELIEF"**

211. In response to the allegations set forth in paragraph "211" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

212. Deny the allegations set forth in paragraph "212" of the Complaint.

213. Deny the allegations set forth in paragraph "213" of the Complaint.

214. Deny the allegations set forth in paragraph "214" of the Complaint.

215. Deny the allegations set forth in paragraph "215" of the Complaint.

**AS TO THE "SIXTH CLAIM FOR RELIEF"**

216. In response to the allegations set forth in paragraph "216" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

217. Deny the allegations set forth in paragraph "217" of the Complaint.

218. Deny the allegations set forth in paragraph "218" of the Complaint, except admit that Officer Peng signed a criminal court complaint charging Plaintiff with varying counts of assault and related offenses.

219. Deny the allegations set forth in paragraph "219" of the Complaint.

220. Deny the allegations set forth in paragraph "220" of the Complaint.

221. Deny the allegations set forth in paragraph "221" of the Complaint.

**AS TO THE "SEVENTH CLAIM FOR RELIEF"**

222. In response to the allegations set forth in paragraph "222" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

223. Deny the allegations set forth in paragraph "223" of the Complaint.

224. Deny the allegations set forth in paragraph "224" of the Complaint.

225. Deny the allegations set forth in paragraph "225" of the Complaint.

226. Deny the allegations set forth in paragraph "226" of the Complaint.

227. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the Complaint as they pertain to the disposition of any criminal charges and deny the remaining allegations.

228. Deny the allegations set forth in paragraph "228" of the Complaint.

229. Deny the allegations set forth in paragraph "229" of the Complaint.

**AS TO THE "EIGHTH CLAIM FOR RELIEF"**

230. In response to the allegations set forth in paragraph "230" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

231. Deny the allegations set forth in paragraph "231" of the Complaint.

232. Deny the allegations set forth in paragraph "232" of the Complaint.

233. Deny the allegations set forth in paragraph "233" of the Complaint including all subparts therein.

**AS TO THE "NINTH CLAIM FOR RELIEF"**

234. In response to the allegations set forth in paragraph "234" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

235. Deny the allegations set forth in paragraph "235" of the Complaint.

236. Deny the allegations set forth in paragraph "236" of the Complaint.

237. Deny the allegations set forth in paragraph "237" of the Complaint.

238. Deny the allegations set forth in paragraph "238" of the Complaint.

239. Deny the allegations set forth in paragraph "239" of the Complaint.

240. Deny the allegations set forth in paragraph "240" of the Complaint.

**AS TO THE "TENTH CLAIM FOR RELIEF"**

241. In response to the allegations set forth in paragraph "241" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

242. Deny the allegations set forth in paragraph "242" of the Complaint.

243. Deny the allegations set forth in paragraph "243" of the Complaint.

244. Deny the allegations set forth in paragraph "244" of the Complaint.

245. Deny the allegations set forth in paragraph "245" of the Complaint.

246. Deny the allegations set forth in paragraph "246" of the Complaint.

247. Deny the allegations set forth in paragraph "247" of the Complaint.

**AS TO THE "ELEVENTH CLAIM FOR RELIEF"**

248. In response to the allegations set forth in paragraph "248" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

249. Deny the allegations set forth in paragraph "249" of the Complaint.

250. Deny the allegations set forth in paragraph "250" of the Complaint.

251. Deny the allegations set forth in paragraph "251" of the Complaint.

252. Deny the allegations set forth in paragraph "252" of the Complaint.

253. States that the allegations set forth in paragraph "253" of the Complaint are not averments of fact to which a response is required.

254. Deny the allegations set forth in paragraph "254" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

255. Deny the allegations set forth in paragraph “255” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

256. Deny the allegations set forth in paragraph “256” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

257. Deny the allegations set forth in paragraph “257” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

258. Deny the allegations set forth in paragraph “258” of the Complaint.

**AS TO THE “TWELFTH CLAIM FOR RELIEF”**

259. In response to the allegations set forth in paragraph “259” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

260. Deny the allegations set forth in paragraph “260” of the Complaint.

261. Deny the allegations set forth in paragraph “261” of the Complaint.

262. Deny the allegations set forth in paragraph “262” of the Complaint.

263. Deny the allegations set forth in paragraph “263” of the Complaint.

264. States that the allegations set forth in paragraph “264” of the Complaint are not averments of fact to which a response is required.

265. Deny the allegations set forth in paragraph “265” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

266. Deny the allegations set forth in paragraph “266” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

267. Deny the allegations set forth in paragraph “267” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

268. Deny the allegations set forth in paragraph "268" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

269. Deny the allegations set forth in paragraph "269" of the Complaint.

**AS TO THE "DEMAND FOR A JURY TRIAL"**

270. Paragraph "270 of the Complaint is a demand for a jury trial and, therefore, no response is required.

**AS TO THE "DEMAND FOR JUDGMENT"**

271. Paragraph "271" of the Complaint including all subparts is a wherefore clause, and, therefore, is not an averment of fact to which a response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

272. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

273. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

274. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties and was not the proximate result of any act of any Defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

275. Plaintiff may have failed to mitigate his alleged damage.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

276. Punitive damages cannot be assessed against defendant City of New York because punitive damages are to be assessed against the State or its political subdivisions.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

277. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

278. There was probable cause for Plaintiff's arrest, detention and prosecution because he, *inter alia*, failed to abide by lawful orders to stop using flash photography in the immediate vicinity/proximity of officers faces while they were trying to engage in in their lawful duties,

obstructed governmental administration by intentionally flashing his camera in the officers' face to obscure their vision despite multiple warnings not to do so and resisting arrest.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

279. Any claims arising under New York State law may be barred, in whole or in part, by reason of Plaintiff's failure to comply with the requirements of the N.Y. Gen. Mun. Law § 50-(e), (h) and/or (i).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

280. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

281. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

282. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

283. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

284. To the extent that one or more Defendants used any force, it was reasonable, justified, and necessary to accomplish Defendant's official duties and to protect their own physical safety and the safety of others.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

285. Plaintiff provoked any incidents.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

286. Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk because, *inter alia*, Plaintiff repeatedly disobeyed numerous commands to stop using the flash feature on his camera in officers' faces, and obstructed governmental administration by hindering the officers' lawful performance of their duties by intentionally emitting a flash on his camera in a manner that hindered the officers' ability to see, and resisted arrest.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

287. At all times relevant to the acts alleged in the Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on any state law claims.

**WHEREFORE,** Defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 31, 2026

STEVEN BANKS
Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2547

By: /s/ Zoe Reszytniak
Zoe Reszytniak
*Assistant Corporation Counsel*

**CC:** **VIA ECF**
All Counsel of Record